# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERICA TSACOYEANES | : | 3:13CV01800(VAB) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| UNIVERSITY OF CONN., ET AL | : | |
| *Defendants* | : | APRIL 30, 2015 |

## MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA

The defendants, the University of Connecticut Health Center and University of Connecticut School of Medicine,[1] respectfully move to quash a subpoena by plaintiff as both testimony and documents sought are protected by the Family Education Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"). Defendants note that plaintiff's subpoena seeks the records of and testimony regarding at least one other student. That student has been notified as set forth below, and has objected to the release of his records. In addition, plaintiff's Production Requests seek the identity and records related to another student or students who complained about plaintiff's conduct while she was suspended, which complaint lead to an investigation resulting in plaintiff's dismissal. In the alternative, if this Honorable Court is inclined to order production of other student(s)' educational records and/or information and/or testimony about any student, the defendants respectfully move this Court that such production of records and or testimony be conducted in stages as set forth below and in any event be safeguarded via the attached proposed Protective Order, all as set forth more fully in the attached Memorandum of Law.

---

[1]     Plaintiff has named these defendants as separate entities, but they are the same. The name of the defendant is the University of Connecticut School of Medicine. That is the name in the Proposed Order.

DEFENDANTS,
UNIVERSITY OF CONNECTICUT, et al

GEORGE JEPSEN
ATTORNEY GENERAL


By:      */s/ Lynn D. Wittenbrink*
         Lynn D. Wittenbrink
         Assistant Attorney General
         Federal Bar # ct08575
         55 Elm Street, P.O. Box 120
         Hartford, CT 06141-0120
         Tel:  (860) 808-5340
         Fax:  (860) 808-5383
         E-mail: Nancy.Brouillet@ct.gov


## CERTIFICATION

I hereby certify that on April 30, 2015, a copy of the foregoing was filed electronically.

Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing

system.  Parties may access this filing through the Court's system.

                         */s/ Lynn D. Wittenbrink*
                         Lynn D. Wittenbrink
                         Commissioner of the Superior Court

**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

ERICA TSACOYEANES           :     3:13CV01800(VAB)

                                  :

                                  :     HONORABLE VICTOR A. BOLDEN

      v.                    :

                                    :

UNIVERSITY OF CONN., ET AL     :

### PROPOSED ORDER

1.    It is hereby ordered that this Protective Order shall govern the production,
dissemination, and use of documents, data, deposition testimony/transcripts and/or other
information or materials in this case that any party in good faith considers may identify any
current and/or former student of the University of Connecticut Health Center, Department of
Academic Services, School of Medicine.

2.    AND now, this _____ day of _____, 2015, it is hereby ORDERED AND
DECREED that University of Connecticut Health Center, Department of Academic Affairs,
School of Medicine, will produce to plaintiff the following:

    --The testimony of Dr. Catherine Lewis    and/or, thereafter, should the Court order it;

    --The testimony of Dr. Howard Tennen    and/or

    --Further testimony by Dr. Catherine Lewis    and/or

    --Documents sought by plaintiff in her subpoena of Drs. Lewis and Tennen    and/or

    --Responses to Production Requests and Interrogatories as follows, with no students
being identified in any manner.

3.      Neither testimony nor documents provided in this matter shall state the name of any current or former medical student, which shall be redacted as necessary.  In the event the parties disagree regarding the type of information which may fall in the scope of this Order, the parties shall first confer in good faith, and if that proves unsuccessful, a further motion to resolve the dispute may be presented to the Court.

4.      Should the plaintiff and/or her attorney learn the name(s) of any other student(s) through discovery in this matter, that plaintiff be ordered not to directly contact those students by any means, but that, should contact occur, it be conducted by and through plaintiff's counsel.

5.      All documents, transcripts, materials and/or information that fall within the scope of this Order shall be used by the plaintiff[1] solely for purposes of this action, and not for any competitive, social, business or any other purpose.  Under no circumstances other than those specifically permitted by the Court shall plaintiff or any counsel of record disclose such documents, transcripts, materials and/or information to any person or any entity other than the following:

(a) The Court, in accordance with the terms of this Order;

(b) Employees and staff of counsel of record;

(c) The parties to this action who have a need to know for purposes of this litigation;

(d) Outside vendors who perform transcription, scanning, photocopying, computer classification or similar clerical functions; provided, however, that after performing their services, such vendors may not have further access to any confidential documents or materials unless they are providing additional services;

---

[1]      The defendants will use the documents for purposes of this action pursuant to this Order and for any legitimate educational purpose within the bounds of FERPA.

2

(e) Consultants and/or expert witnesses who assist attorneys of record in this action in the preparation of this case for trial; and

(f) Any other person(s) or entity(ies) whom counsel for the producing party and non-producing party agree in writing, or whom this Court orders, should have access to the confidential documents, transcripts, information and/or materials.

6.      Before any disclosure of documents, transcripts, materials and/or information covered by this Order is made to any expert witness or consultant, counsel for the party so disclosing shall take all necessary steps to ensure that the expert witness and/or consultant abides by the terms of this Order, including incorporating the Order into the expert witness agreement.

7.      Should the need arise for any attorney and/or party to disclose documents, transcripts, materials and/or information to the Court in any hearing, trial or other proceeding, such party shall undertake all necessary steps to eliminate any and all personally identifiable information, including redaction.  Should the parties feel the need to file items under seal, the parties must confirm with D. Conn. L. R. 5(e) which governs the submission of documents under seal.

8.      The parties shall continue to work together in good faith to resolve differences amicably.

9.      The production or disclosure of materials covered by this Order shall in no way constitute a waiver of any party's right to object to the production or disclosure of other information in this or any other action, or to the admissibility of such information at trial.

10.      This Order shall continue to be binding after the conclusion of this litigation.

3

11.    Counsel for both parties shall provide a copy of this Order to their clients and explain to their clients its significance.

_____

Victor A. Bolden
United States District Court Judge

Date _____