# **EXHIBIT C**

Received 1/7/15

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ERICA TSACOYEANES, | : CIVIL NO. 3:13-CV-1800 (WWE) |
| Plaintiff, | : |
| | : |
| V. | : |
| | : |
| UNIVERSITY OF CONNECTICUT; | : |
| UNIVERSITY OF CONNECTICUT | : |
| HEALTH CENTER; and UNIVERSITY OF | : |
| CONNECTICUIT SCHOOL OF | : |
| MEDICINE, | : |
| Defendants. | : JANUARY 6, 2015 |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO THE DEFENDANTS

Plaintiff, by and through her attorney, serves the following interrogatories upon the defendants, UNIVERSITY OF CONNECTICUT, UNIVERSITY OF CONNECTICUT HEALTH CENTER, and UNIVERSITY OF CONNECTICUT SCHOOL OF MEDICINE, to be responded to, pursuant to Fed. R. Civ. P. 34 within 30 days after the date of service.

### I. INSTRUCTIONS FOR ANSWERING

1. Please note that all answers are to be made separately and fully and that an incomplete or evasive answer is a failure to answer. Where an interrogatory calls for an answer in more than one part, please separate the parts in your answer accordingly so that each part is clearly set out and understandable.

1

2. Where your knowledge or information in your possession is requested, such request includes knowledge or information in possession of your representatives, employees, agents, independent contractors, insurers, and, unless privileged, your attorneys.

3. If you have only incomplete knowledge of the answer to an interrogatory, please answer to the extent of your knowledge and state specifically what part or area of the interrogatory you have only incomplete knowledge of and identify the person(s) who does or might have additional knowledge or information to complete the answer.

4. You may answer any interrogatory in whole or in part by attaching a document(s) which contains information sufficient to do so. Such document(s) may, if authenticated, be a copy of the original. Any document(s) used to answer an interrogatory may contain other information as well; however, the relevant portion of that document(s) must be so marked or indexed.

5. The term "document(s)" refers to all writings of any kind, including the originals and all nonidentical copies, whether different from the original by reason of any notation made on such copies or otherwise, including without limitation correspondence; memoranda; notes; diaries; statistics; letters; materials; invoices; orders; directives; interviews; telegrams; minutes; reports; studies; statements; transcripts; summaries; pamphlets; books; interoffice and interoffice communications; notations of any sort of conversations, telephone calls, meetings or other communications; bulletins; printed matter; teletype; telefax; worksheets; and all drafts, alterations, modifications, changes and amendments of any of the foregoing; graphic or aural recordings or representations of any kind, including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, records, motion pictures; and electronic, mechanical, or electrical recordings or representations of any kind, including without limitation, tapes, cassettes, cartridges, discs, chips, and records.

6. Where the identity of a person is requested, please state his or her full name; any known nickname and aliases; age; social security number; present or last known home address and telephone number; present or last known position and business affiliation or employment and the address and telephone number there; and his or her employment and position at the time in question. For persons whose addresses are known to be inaccurate at this time, please state the most reliable contact address and contact person in your records.

7. Where a statement or description is requested, please include a specific account of what is being stated or described, including where applicable, without limitation, the date or time

2

period involved; the identity of person(s) from whom the information was learned, who would have knowledge of that information, and/or who participated or were present; what happened in chronological order relating each identifiable event, response, act, or other thing; where by address and, if known, ownership and use, the occurrence took place; the context or circumstances in which the occurrence took place; and what response or reaction existed to cause the occurrence to take place and/or was made after the occurrence took place.

8. Unless otherwise indicated, the time period each interrogatory refers to is that of the occurrences described or referred to in the Complaint and any amendments thereto.

9. For each interrogatory, please identify the person(s) from whom the information contained in the answer is obtained and the person(s) who swear to the truth of that information.

## INTERROGATORIES

### INTERROGATORY NO. 1:

State the name and position title of each person who made the decision to suspend the plaintiff from the University of Connecticut School of Medicine on or about February 22, 2013.

**ANSWER:**

### INTERROGATORY NO. 2:

Identify each writing containing any information that formed the basis of the decision to suspend the plaintiff from the University of Connecticut School of Medicine on or about February 22, 2013.

**ANSWER:**

3

## INTERROGATORY NO. 3:

State all the reasons the defendants decided to suspend the plaintiff from the University of Connecticut School of Medicine on or about February 22, 2013.

## ANSWER:

## INTERROGATORY NO. 4:

State the name and position title of each person who made the decision to expel the plaintiff from the University of Connecticut School of Medicine on or about June 24, 2013.

## ANSWER:

4

**INTERROGATORY NO. 5:**

Identify each writing containing any information that formed the basis of the decision to expel the plaintiff from the University of Connecticut School of Medicine on or June 24, 2013.

**ANSWER:**

**INTERROGATORY NO. 6:**

State all the reasons the defendants decided to expel the plaintiff from the University of Connecticut School of Medicine on or June 24, 2013.

**ANSWER:**

INTERROGATORY NO. 7:

State whether any of the defendants investigated any allegations and/or complaints that student(s), other than the plaintiff, may have falsified, and/or misrepresented the contents of student clinical observations ("SCOs") at any time between January 1, 2010 and the present.

ANSWER:

INTERROGATORY NO. 8:

If the Answer to Interrogatory No. 7 is in the affirmative, state:

a. Without identifying the student, the year in which the complaint or complaints were received;

b. Whether the complaints resulted in a determination by any of the defendants that the student(s) had committed wrongdoing;

c. The discipline, if any, that was imposed on the student(s);

d. The race of the student(s);

ANSWER:

INTERROGATORY NO. 9

State the name of the student who complained in 2013, about the plaintiff's conduct as a volunteer at South Park Clinic.

ANSWER:




INTERROGATORY NO. 10:

State whether the student who complained about the plaintiff's conduct in 2013, had ever complained about the conduct of other students at South Park Clinic.

ANSWER:

7

## INTERROGATORY NO. 11:

State the race of the student who complained in 2013, about the plaintiff's conduct as a volunteer at South Park Clinic

**ANSWER:**

## INTERROGATORY NO. 12:

State whether any of the defendants had received any other complaints regarding the conduct of student(s) while volunteering at South Park Clinic.

**ANSWER:**

8

## INTERROGATORY NO. 13:

If the Answer to Interrogatory No. 12 is in the affirmative, state for each complaint received:

    a. The race of the student against whom the complaint was made;

    b. The substance of the complaint, without identifying the student(s);

    c. The discipline, if any imposed on the student(s).

## ANSWER:


## INTERROGATORY NO. 14:

State whether any members of the University of Connecticut School of Medicine Academic Advancement Committee contacted any members of the University of Connecticut School of Medicine Student Evaluation and Appeals Review Committee regarding the plaintiff's suspension and/or expulsion.

## ANSWER:

## INTERROGATORY NO. 15:

If the Answer to Interrogatory No. 14 is in the affirmative, state for each communication made:

    a. The name of the member of the University of Connecticut School of Medicine Academic Advancement Committee who made the communication;

    b. The name of the member of the University of Connecticut School of Medicine Student Evaluation and Appeals Review Committee to whom the communication was made;

    c. The date of the communication;

    d. The substance of the communication.

## ANSWER:


## INTERROGATORY NO. 16:

Between 2010, and the present date, State whether any student(s) had been suspended by the University of Connecticut School of Medicine from attending the University of Connecticut School of Medicine.

## ANSWER:

## INTERROGATORY NO. 17:

If the Answer to Interrogatory No. 16 is in the affirmative, state for each student suspended:

    a. The race of the student;

    b. The reason or reasons for which the student was suspended.

**ANSWER:**


## INTERROGATORY NO. 18:
Between 2010, and the present date, state whether any student(s) had been expelled by the University of Connecticut School of Medicine from attending the University of Connecticut School of Medicine.

**ANSWER:**

### INTERROGATORY NO. 19:

If the Answer to Interrogatory No. 18 is in the affirmative, state for each student expelled:

    a. The race of the student;

    b. The reason or reasons for which the student was expelled.

### ANSWER:

THE PLAINTIFF- ERICA TSACOYEANES

BY: _____
Thomas W. Bucci, Esq.
Federal Bar No. ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT 06604
Tel. No. (203) 366-3939
Fax No. (203) 337-4588
Email: thomasbucci@earthlink.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERICA TSACOYEANES,<br>    Plaintiff, | : | CIVIL NO. 3:13-CV-1800 (WWE) |
| v. | : | |
| UNIVERSITY OF CONNECTICUT;<br>UNIVERSITY OF CONNECTICUT<br>HEALTH CENTER; and UNIVERSITY OF<br>CONNECTICUIT SCHOOL OF<br>MEDICINE,<br>    Defendants. | :<br><br><br><br>: | <br><br><br><br>JANUARY 6, 2015 |

## VERIFICATION

STATE OF CONNECTICUT   )
                       ) ss:
COUNTY OF _____  )

I, _____, of UNIVERSITY OF CONNECTICUT and/or UNIVERSITY OF CONNECTICUT HEALTH CENTER and/or UNIVERSITY OF CONNECTICUIT SCHOOL OF MEDICINE, being first duly sworn on oath, depose and state:

I am an authorized representative of UNIVERSITY OF CONNECTICUT and/or UNIVERSITY OF CONNECTICUT HEALTH CENTER and/or UNIVERSITY OF CONNECTICUIT SCHOOL OF MEDICINE, a party to the above captioned action.

I have read the foregoing responses to Plaintiff's Interrogatories to Defendants, UNIVERSITY OF CONNECTICUT, UNIVERSITY OF CONNECTICUT HEALTH CENTER, and UNIVERSITY OF CONNECTICUIT SCHOOL OF MEDICINE, know the contents thereof, and represent that they are true and complete.

_____

**SUBSCRIBED AND SWORN** to before me this _____ day of _____, 2015.

_____
NOTARY PUBLIC

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ERICA TSACOYEANES, : CIVIL NO. 3:13-CV-1800 (WWE)
          Plaintiff, :
 :
V. :
 :
UNIVERSITY OF CONNECTICUT; :
UNIVERSITY OF CONNECTICUT :
HEALTH CENTER; and UNIVERSITY OF :
CONNECTICUT SCHOOL OF :
MEDICINE, :
          Defendants. : JANUARY 6, 2015

### CERTIFICATION

I hereby certify that on this day, I caused to be served an original and a true and correct copy of the above and foregoing PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANTS by sending same, via Overnight Mail (UPS) this 6th day of January 2015, to the following:

Lynn D. Wittenbrink, AAG
Federal Bar No. ct08575
University of Connecticut Health Center
263 Farmington Avenue, MC3803
Farmington, CT 06030
Tel: 860-679-1654
Fax: 860-679-1997
Email: wittenbrink@uchc.edu

                                        Thomas W. Bucci